UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

   **Plaintiff,**          Case No. 2:23-cr-153
                  JUDGE EDMUND A. SARGUS, JR.
  **v.**

**FRANCISCO VILLEGAS-GARCIA,**

   **Defendant.**

## ORDER

This matter is before the Court on Defendant Francisco Villegas-Garcia's Motion to Withdraw Plea of Guilty. (ECF No. 73.) The Government responded to that Motion (ECF No. 75), and the Court held a hearing on the Motion on February 6, 2025. (ECF No. 74.) This Order memorializes the Court's ruling on the Motion during the hearing. As explained during the hearing, Defendant's Motion to Withdraw Plea of Guilty is **DENIED**.

 **I. BACKGROUND**

In January 2023, a complaint was filed in this district charging Defendant with possession of fentanyl with intent to distribute, in violation of 21 U.S.C. § 841. (ECF No. 1.) At that time, attorney George Chaney was appointed to represent Defendant. (ECF No. 5.) After moving to extend the deadline to indict Defendant, Defendant retained a new attorney, Joseph Edwards. (ECF No. 17.) While represented by attorney Edwards, Defendant filed several *pro se* motions expressing dissatisfaction with Edwards, who then moved to withdraw as counsel. (ECF Nos. 24, 26–27.) Before the Court ruled on the motion to withdraw, an indictment was returned against Defendant on July 20, 2023. (ECF No. 20.) After a hearing, the Court granted Edwards' motion to

1

withdraw and appointed a third attorney, Andrew Sanderson, to represent Defendant. (ECF Nos. 28–30.)

A few months later after filing several motions on Defendant's behalf, Sanderson left the practice of law and moved to withdraw as counsel. (ECF No. 40.) The Court granted the motion, and appointed attorney Brian Rigg as Defendant's fourth attorney. (ECF No. 41.) While represented by attorney Rigg, Defendant signed a written plea agreement on March 16, 2024. (ECF No. 46.) Two weeks later, the Court held a change of plea hearing. (ECF No. 50.) But before that hearing, the Court received a letter from Defendant. (ECF No. 51.) The letter, which predated the signing of the plea agreement and the change of plea hearing, expressed that Defendant wished to see evidence obtained through discovery so that he could submit a motion to suppress that evidence, believing that it had been altered. (*Id.*)

During the change of plea hearing, the Court provided Defendant an opportunity to confer with his attorney and a translator regarding the letter. After doing so, Defendant indicated that he wanted to continue with the hearing and plead guilty. The Court then conducted its guilty plea colloquy, and Defendant pleaded guilty pursuant to the written plea agreement. (*See* ECF No. 51.)

In August 2024, Defendant sent another letter to the Court expressing that he no longer trusted his attorney and wanted new counsel. (ECF No. 60.) The Court held a hearing on his letter, granted the motion for new counsel, and appointed current defense counsel Karl Schneider. (ECF Nos. 63–65.)

Defendant filed the Motion now before the Court on January 23, 2025, seeking to withdraw his guilty plea. (ECF No. 73.) The Government opposes that Motion. (ECF No. 75.)

## II. ANALYSIS

Federal Rule of Criminal Procedure 11(d) governs the standard for withdrawal of a guilty plea. A defendant may withdraw his guilty plea after it is accepted by the district court only if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). But "[a] defendant does not have an absolute right to withdraw a guilty plea and bears the burden of proving that he is entitled to withdraw his guilty plea." *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006) (citing *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996)). The purpose of Rule 11(d) is "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (internal quotation marks omitted).

Courts within the Sixth Circuit consider several factors to determine whether a defendant has shown a "fair and just reason" to withdraw his guilty plea:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has prior criminal experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*Bazzi,* 94 F.3d at 1027. These factors are non-exhaustive and no one factor is controlling, but the defendant carries the burden of proving that withdrawal of his guilty plea is justified. *Id.*

As the Court explained during the hearing held on February 6, 2025, when evaluated under the factors above, Defendant's Motion fails to proffer a fair and just reason for allowing him to withdraw his guilty plea.

3

The Court considered the time between Defendant's guilty plea and the Motion to Withdraw. Defendant signed his plea agreement on March 16, 2024, and then entered his guilty plea during a change of plea hearing on April 2, 2024. (ECF Nos. 46, 50.) He filed his Motion on January 23, 2025 (ECF No. 73), over eight months after entering his guilty plea. Generally, "[t]he shorter the delay, the more likely a motion to withdraw will be granted." *Ellis*, 470 F.3d at 286 (citation omitted); *see also United States v. Jannuzzi*, No. 07-4521, 2009 U.S. App. LEXIS 4830, at *8 (6th Cir. Mar. 6, 2009) (describing the "boundary line" as 30 days). The almost nine-month delay between Defendant's change of plea hearing and the Motion substantially exceeds that threshold. Thus, the Court explained that the first factor favored denying the Motion.

The Court also discussed the reason for the delay, including the fact that Defendant was represented by several attorneys throughout this case. Although Defendant argues that he filed this Motion promptly after first meeting with his current counsel, the current counsel was appointed in August 2024, but the Motion was not filed until January 2025.

When considering Defendant's assertions of innocence, the Court noted that Defendant seemed to argue that his guilty plea should be withdrawn because he did not get a chance to file a motion to suppress, not because he was actually innocent of the charges against him. A defendant's "vigorous and repeated protestations of innocence" may support a decision to withdraw a guilty plea, but normally a defendant cannot withdraw a plea of guilty if he has admitted guilt under oath during a plea hearing. *United States v. Baez*, 87 F.3d 805, 809 (6th Cir. 1996). Here, Defendant admitted guilt several times including when he signed the written plea agreement and during the change of plea hearing. Accordingly, the third factor supports denying the Motion.

Next, the Court considered the circumstances underlying the entry of the plea agreement, as well as Defendant's background and criminal history. The Court acknowledged that a language

barrier existed between Defendant (who speaks Spanish), and his counsel and this Court. But the Court recognized that Defendant has had access to an interpreter throughout the proceedings. Defendant does not argue that his guilty plea was the product of coercion or force. The Court also addressed the fact that Defendant had a previous federal conviction in which he entered a written guilty plea. (*See* ECF No. 75-1.) While the language barrier favors Defendant, the Court finds that his experience in federal court, representation by multiple attorneys, and access to an interpreter all assuage the Court of any concerns that he could not understand the proceedings.

Finally, the Court addressed the potential prejudice to the Government and Defendant if the Court were to grant his Motion. The Government explained that it would be prejudiced by having to prepare for trial after it had appeared that the case would be resolved. But the Government also submitted that the plea agreement signed by the parties may be more favorable to Defendant than an outcome at trial, or any renegotiated plea agreement in light of the recent changes in presidential administrations and United States Department of Justice.

After considering all seven factors, the Court denied Defendant's Motion.

### III. CONCLUSION

For these reasons, Defendant's Motion to Withdraw Plea of Guilty is **DENIED**. (ECF No. 73). Notice of the date of Defendant's sentencing hearing is forthcoming.

**IT IS SO ORDERED.**

**2/7/2025**  
**DATE**

s/Edmund A. Sargus, Jr.  
**EDMUND A. SARGUS, JR.**  
**UNITED STATES DISTRICT JUDGE**